UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GRANDE PRODUCE, LTD. CO.**, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**PRODUCE & MORE ENTERPRISE LLC**, a Texas limited liability company; **GERARDO GUILLEN**, an individual; **MIGUEL PEDRAZA VILLAREAL**, an individual; and **ANTANA CAPITAL SAPI DE CV**, a/k/a **ANTANA CAPITAL SAPI DE CV CORPORATION**, a corporate entity organized under the laws of Mexico,<br><br>Defendants. | Case No. |

## CIVIL ACTION COMPLAINT

Defendant, Produce & More Enterprise LLC failed to pay for the perishable agricultural commodities it purchased from Plaintiff, Grande Produce, Ltd. Co. As a result, Grande Produce, Ltd. Co. commences this lawsuit to enforce its rights against Defendants under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-t ("PACA"), the statutory trust established under PACA, 7 U.S.C. §499e(c) (the "PACA Trust"), federal common law, and state law.

## PARTIES

1.  Plaintiff is Grande Produce, Ltd. Co., a Texas limited liability company with its principal business location in San Juan, Texas ("Grande Produce").

2. Defendants are:

   a) Produce & More Enterprise, LLC, a Texas limited liability company with its principal business location in Tomball, Texas ("Produce & More").

   b) Gerardo Guillen, an individual who, upon information and belief, resides in this District ("Guillen").

   c) Miguel Pedraza Villarreal, an individual, who, resides in this District ("Villarreal").

   d) Antana Capital SAPI De CV, a corporate entity organized under the laws of Mexico, also doing business as Antana Capital SAPI DE CV Corporation ("Antana Capital"). Antana Capital is registered with the Texas Secretary of State as a foreign for-profit corporation, with its location in San Pedro Garza García, Mexico.

## JURISDICTION

3. 28 U.S.C. §1331 provides this Court with jurisdiction to hear this action, because Grande Produce's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Grande Produce's other claims.

## VENUE

5. Under 28 U.S.C. §1391(b), venue in this District is proper, because a substantial part of the events and omissions underlying this lawsuit occurred in this district; Produce & More had its principal business location in this district during the transactions at issue; and, the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Grande Produce buys and sells wholesale quantities of perishable agricultural commodities, or produce, in interstate commerce.

7. Produce & More also buys and sells wholesale quantities of produce in interstate commerce.

8. Between October 8, 2022, and November 5, 2022, Grande Produce and Produce & More entered into nine (9) contracts for Grande Produce to supply and sell Produce & More, in interstate commerce, produce totaling $53,931.30.

9. Grande Produce supplied the produce to Produce & More.

10. Produce & More received and accepted the produce from Grande Produce.

11. Grande Produce issued and sent invoices to Produce & More reflecting the agreed upon quantities and prices for the produce and amounts owed by Produce & More.

12. Grande Produce's invoices to Produce & More included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest at 18% per year.

13. Produce & More never objected to these additional terms and conditions on Grande Produce's invoices.

14. Produce & More failed to pay Grande Produce for the produce.

## CLAIMS FOR RELIEF

## COUNT I: PRODUCE & MORE

## BREACH OF CONTRACT

15. Grande Produce re-alleges ¶¶1-14.

16. As detailed in ¶8, Grande Produce and Produce & More entered into contracts for Grande Produce to supply and sell produce to Produce & More in interstate commerce.

17. Grande Produce supplied the produce to Produce & More.

18. Produce & More received and accepted the produce from Grande Produce.

19. Grande Produce issued and sent invoices to Produce & More for the produce.

20. Grande Produce fully performed all conditions precedent to the agreed contracts.

21. Produce & More failed to pay Grande Produce for the produce.

22. Because Produce & More breached the parties' contracts, Grande Produce incurred damages in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Grande Produce seeks a Judgment in its favor and against Produce & More in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT II: ALL DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U. S.C. §499e(c)

23. Grande Produce re-alleges ¶¶1-14.

24. As detailed in ¶8, Grande Produce and Produce & More entered into contracts for Grande Produce to supply and sell produce to Produce & More in interstate commerce.

25. During the transactions at issue, Grande Produce was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20031208 issued by the United States Department of Agriculture ("USDA").

26. During the transactions at issue, Produce & More was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20190871 issued by the USDA.

27. When Produce & More received the produce, it became a trustee of the PACA Trust for Grande Produce's benefit in an amount equal to $53,931.30.

28. As a PACA licensee, Grande Produce preserved its rights as a PACA Trust beneficiary of Produce & More by including the required statutory statement on the face of each invoice it timely sent to Produce & More.

29. Produce & More failed to pay Grande Produce for the produce.

30. Grande Produce is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Produce & More's assets subject to the PACA Trust.

For these reasons, Grande Produce seeks an Order declaring that it holds a valid PACA Trust claim in an amount no less than $53,931.30 against Produce & More and that its valid PACA Trust claim includes contractual interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT III: PRODUCE & MORE

### CREATION OF COMMON FUND, ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS, AND FAILURE TO MAINTAIN PACA TRUST
*7 U.S.C. §499e(c)*

31. Grande Produce re-alleges ¶¶1-14 and ¶¶24-30.

32. Assets subject to the PACA Trust include Produce & More's inventories of produce, food or products derived from produce, accounts receivable, proceeds of the sale of produce or products, and assets commingled with, purchased with, or otherwise acquired with the sales proceeds (collectively, "PACA Trust Assets").

33. Produce & More received the produce described in ¶¶8 and 24.

34. Produce & More possesses and has custody and control of PACA Trust Assets that belong to Grande Produce.

35. As a PACA trustee, Produce & More must hold the PACA Trust Assets in trust for the benefit of Grande Produce and other unpaid produce sellers and suppliers that hold valid PACA Trust claims, until all have received full payment.

36. Produce & More failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA Trust claims, including Grande Produce's PACA Trust claim in this case.

37. Because Produce & More failed to maintain sufficient PACA Trust Assets to satisfy Grande Produce's PACA Trust claim, Grande Produce has suffered damages in an amount no less than $53,931.30, plus contractual interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Grande Produce seeks an Order:

(i) Directing Produce & More to immediately pay to Grande Produce, as its PACA trust beneficiary, PACA Trust Assets in an amount no less than $53,931.30, plus contractual interest from the date each invoice became past due, costs, and attorneys' fees, together with other relief this Court deems appropriate;

(ii) Creating a common fund from which all PACA Trust beneficiaries may receive payment;

(iii) Directing Produce & More to maintain PACA Trust Assets in an amount no less than $53,931.30, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA Trust claims;

(iv) Enjoining Produce & More from dissipating PACA Trust Assets;

(v) Directing Produce & More to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims; and

(vi) Proving other relief this Court deems appropriate.

## COUNT IV: PRODUCE & MORE

### FAILURE TO PROMPTLY PAY
### 7 U.S.C. §499b(4)

38. Grande Produce re-alleges ¶¶1-14.

39. During the transactions at issue, Produce & More was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20190871 issued by the USDA.

40. In this capacity, Produce & More must tender full payment promptly to its unpaid produce suppliers and sellers.

41. Produce & More failed to pay Grande Produce for the produce within the applicable payment term.

42. Because Produce & More failed to pay promptly for the produce, Grande Produce has suffered damages in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Grande Produce seeks an Order directing Produce & More to immediately pay Grande Produce an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT V: PRODUCE & MORE

## PERMANENT INJUNCTION

43. Grande Produce re-alleges ¶¶1-14, 24-30, and 32-37.

44. Grande Produce transferred ownership and control of the produce to Produce & More.

45. As a PACA licensee, Grande Produce preserved its rights as a PACA Trust beneficiary of Produce & More by including the required statutory statement on each invoice it timely sent to Produce & More.

46. As a PACA trustee, Produce & More must hold the PACA Trust Assets in trust for the benefit of Grande Produce and other unpaid produce sellers and suppliers that hold valid PACA Trust claims, until all have received full payment.

47. Produce & More failed to maintain and preserve sufficient PACA Trust Assets to fully satisfy all valid PACA Trust claims, including Grande Produce's PACA Trust claim in this case.

48. Because Produce & More breached its duties as a PACA trustee, injunctive relief is necessary to protect Grande Produce's interests in the PACA Trust Assets.

49. Without injunctive relief, Produce & More will continue to dissipate the PACA Trust Assets to the point that Grande Produce is neither likely to recover the PACA Trust Assets, nor receive the proceeds of such assets from Produce & More.

50. Dissipating PACA Trust Assets constitutes irreparable harm.

51. Entering an injunction will force Produce & More to comply with its pre-existing duties under the PACA Trust.

52. Entering an injunction is in the public interest and will follow Congress' intent in enacting the PACA Trust.

For these reasons, Grande Produce seeks an Order

(a) Permanently enjoining Defendants and their respective officers, agents, servants, employees, subsidiaries or related companies, financial and banking institutions, and attorneys, together with all other persons in active concert or participation with the aforementioned parties, from dissipating, paying, transferring, encumbering, assigning or selling any assets of Produce & More subject to the PACA Trust or paying any PACA Trust asset to any creditor, person, or entity until further order of this Court, full payment to Grande Produce by cashier's check or certified check, or upon Grande Produce's agreement.

(b) Compelling Produce & More to produce:

(1) Bank account statements, showing all debit and credit items, checks, wire confirmations, check registers, and check stubs from October 1, 2022, through and including the date of the Permanent Injunction;

(2) A current detailed, aged accounts payable statements;

(3) A current detailed, agent accounts receivable statements; and

(4) List of all assets and equipment owned at any time over the last year from the date of the Permanent Injunction.

## COUNT VI: GUILLEN
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

53. Grande Produce re-alleges ¶¶1-14, ¶¶24-30, ¶¶32-37, and ¶¶44-52.

54. During the transactions at issue, Guillen was the CEO of Produce & More.

55. In his capacity, Guillen controlled, or was in a position to control, Produce & More's PACA Trust Assets.

56. Guillen had full knowledge and responsibility for Produce & More's operations and financial dealings.

57. Produce & More had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

58. Guillen had a duty to ensure that Produce & More fulfilled its duties as trustee of the PACA Trust.

59. Produce & More breached its fiduciary duty to Grande Produce by failing to maintain sufficient PACA Trust Assets to pay Grande Produce's PACA Trust claim.

60. Guillen breached his fiduciary duties by failing to ensure that Produce & More fulfill its duties as PACA trustee.

61. Because Guillen breached his fiduciary duty, Grande Produce has suffered damages in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Grande Produce seeks a judgment in its favor and against Guillen in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets Grande Produce receives from Produce & More.

## COUNT VII: VILLARREAL
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

62. Grande Produce re-alleges ¶¶1-14, ¶¶24-30, ¶¶32-37, and ¶¶44-52.

63. During the transactions at issue, Produce & More reported Villarreal as a principal on the company's PACA license.

64. In his capacity, Villarreal controlled, or was in a position to control, Produce & More's PACA Trust Assets.

65. Villarreal had full knowledge and responsibility for Produce & More's operations and financial dealings.

66. Produce & More had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

67. Villarreal had a duty to ensure that Produce & More fulfilled its duties as trustee of the PACA Trust.

68. Produce & More breached its fiduciary duty to Grande Produce by failing to maintain sufficient PACA Trust Assets to pay Grande Produce's PACA Trust claim.

69. Villarreal breached his fiduciary duties by failing to ensure that Produce & More fulfill its duties as PACA trustee.

70. Because Villarreal breached his fiduciary duty, Grande Produce has suffered damages in an amount equal to $53,931.30, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Grande Produce seeks a judgment in its favor and against Villarreal in an amount equal to $53,931.30, plus interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems

appropriate, less any PACA Trust Assets Grande Produce receives from Produce & More.

## COUNT VIII: ANTANA CAPITAL
## <u>BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES</u>

71. Grande Produce re-alleges ¶¶1-14, ¶¶24-30, ¶¶32-37, and ¶¶44-52.

72. During the transactions at issue, Antana Capital was a Manager of Produce & More.

73. During the transactions at issue, Antana Capital owned 100% of Produce & More.

74. During the transactions at issue, Produce & More listed Antana Capital as a principal on the company's PACA license.

75. In its capacity, Antana Capital controlled, or was in a position to control Produce & More's PACA Trust Assets.

76. Antana Capital had full knowledge and responsibility for Produce & More's operations and financial dealings.

77. Produce & More had a fiduciary duty as PACA trustee to maintain sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

78. Antana Capital had a duty to ensure that Produce & More fulfilled its duties as trustee of the PACA Trust.

79. Produce & More breached its fiduciary duty to Grande Produce by failing to maintain sufficient PACA Trust Assets to pay Grande Produce's PACA Trust claim.

80. Antana Capital breached its fiduciary duties by failing to ensure that Produce & More fulfill its duties as PACA trustee.

81. Because Antana Capital breached its fiduciary duty, Grande Produce has suffered damages in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Grande Produce seeks a judgment in its favor and against Antana Capital in an amount no less than $53,931.30, plus contractual interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets Grande Produce receives from Produce & More.

## COUNT IX: ANTANA CAPITAL

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

82. Grande Produce re-alleges ¶¶1-14, ¶¶24-30, ¶¶32-37, ¶¶44-52, and ¶¶72-81.

83. Upon information and belief, Produce & More transferred PACA Trust Assets to Antana Capital.

84. By transferring PACA Trust Assets to Antana Capital, Produce & More breached its duties under the PACA Trust, as such assets rightfully belong to Grande Produce and similarly situated PACA Trust beneficiaries of Produce & More.

85. Antana Capital received PACA Trust Assets subject to Grande Produce's PACA Trust claims for no value and with actual or constructive knowledge of Grande Produce's PACA Trust rights.

86. Because Antana Capital unlawfully retained PACA Trust Assets, Grande Produce has incurred damages in an amount totaling the value of the PACA Trust Assets it received up to $53,931.30, less any PACA Trust Assets received by Grande Produce.

87. For these reason, Grande Produce seeks an Order:

   (a) Directing Antana Capital to hold any PACA Trust Assets in its possession or control in constructive trust for Grande Produce's benefit;

   (b) Directing Antana Capital to pay an amount totaling all PACA Trust Assets it received to Grande Produce up to $53,931.30, plus contractual interest, costs, and attorneys' fees, less any PACA Trust Assets received by Grande Produce; and

   (c) Entering Judgment for Grande Produce and against Antana Capital in an amount totaling all PACA Trust Assets it received

up to $53,931.30, plus contractual interest, costs, and attorneys' fees, less any PACA Trust Assets received by Grande Produce.

Respectfully submitted on January 30, 2023~~January 27, 2023~~.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
Steven M. De Falco
Southern District Tx Fed. Id No. 884872
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
sdefalco@meuerslawfirm.com

*Attorneys for Plaintiff, Grande Produce, Ltd. Co.*